J-S33046-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN SAUNDERS | : | |
| | : | |
| Appellant | : | No. 2012 EDA 2024 |

Appeal from the PCRA Order Entered June 28, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001537-2000

BEFORE: BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.: **FILED NOVEMBER 25, 2025**

Appellant Shawn Saunders appeals from the order dismissing his seventh Post Conviction Relief Act[1] (PCRA) petition. Appellant argues that the PCRA court erred in concluding that Appellant failed to satisfy an exception to the PCRA's one-year time bar. After review, we affirm on the basis of the PCRA court's opinion.

A prior panel of this Court briefly summarized the relevant facts and procedural history of this matter as follows:

On October 18, 1999, Appellant, Omar Davis, and David Burroughs traveled together to Ninth and Lincoln Streets in Chester so that Davis could purchase marijuana. On the way, Appellant, who was armed with a gun, informed his cohorts that he intended to rob the individual who was going to sell Davis the controlled substance. When they arrived at their destination, Appellant put on a ski cap and covered his face. Appellant, Davis, and Burroughs encountered Cleven Pender and Shammer

_____

[1] 42 Pa.C.S. §§ 9541-9546.

Thomas. Davis rifled through Thomas' pockets, and Appellant told Pender to give him money. When Pender started to back away, Appellant shot Pender in the chest, killing him. Appellant was twenty-two years old when he murdered Pender.

Appellant was convicted [of second-degree murder, robbery, conspiracy, and firearms not to be carried without a license[2]] on March 9, 2001, and was sentenced to life imprisonment. On August 27, 2002, we affirmed, ***Commonwealth v. Saunders***, [2452 EDA 2001,] 809 A.2d 964 (Pa. Super. [filed Aug. 27,] 2002) (unpublished memorandum), and our Supreme Court denied allowance of appeal on December 2, 2003. ***Commonwealth v. Saunders***, [731 MAL 2002,] 839 A.2d 352 (Pa. 2003).

***Commonwealth v. Saunders***, 2818 EDA 2016, 2017 WL 1103040, at *1 (Pa. Super. filed Mar. 24, 2017) (unpublished mem.). Appellant was denied relief on his six previous PCRA petitions. ***See id.*** at *1-2; ***see also Commonwealth v. Saunders***, 3132 EDA 2016, 2017 WL 1103041, at *2 (Pa. Super. filed Mar. 24, 2017) (unpublished mem.).

Appellant filed his seventh PCRA petition *pro se* on April 23, 2021. The PCRA court appointed counsel, and Appellant subsequently filed an amended and counseled seventh PCRA petition on August 26, 2022. ***See*** Am. PCRA Pet., 8/26/22. In the petition, Appellant argued that the Commonwealth failed to provide Appellant's trial counsel with a document, which Appellant alleged was a police report containing a witness statement exonerating Appellant, and claimed that he satisfied the governmental interference or newly discovered fact exception to the PCRA's time bar. ***See id.*** at 3-13.

_____

[2] ***See*** 18 Pa.C.S. §§ 2502(b), 3701, 903, and 6106, respectively.

- 2 -

The PCRA court scheduled a hearing "limited to addressing . . . whether [Appellant] has met the proof requirements under 42 Pa.C.S. § 9545(b)(1)(i) and/or (ii) of the Post Conviction Relief Act necessary to the court's jurisdictional authority to adjudicate the collateral pleading's merits." PCRA Ct. Order, 1/6/23 (some formatting altered and endnotes omitted).

The PCRA court held hearings on February 24, 2023 and November 20, 2023. In an order filed on June 28, 2024, the PCRA court dismissed Appellant's seventh PCRA petition. Appellant filed a timely appeal, and both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issue:

Whether the Honorable PCRA court erred as a matter of law and abused its discretion in not finding that it has jurisdiction to address the merits of [Appellant's] amended petition for relief under the Post Conviction Relief Act, and dismissing the petition, where the PCRA court admitted into evidence, as having been properly authenticated, a police report embodying an interview with an individual who provided exculpatory information, the report was not provided to the defense prior to trial, and [Appellant] pled and proved the time limit exceptions of 42 Pa.C.S. Section 954[5(]b)(1)(i), (ii).

Appellant's Brief at 4 (some formatting altered).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

- 3 -

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 4 -

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. **See** 42 Pa.C.S. § 9545(b)(2).[3] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). If a PCRA petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016).

Following our review of the record, the parties' briefs, and the relevant law, we agree with the PCRA court that Appellant's seventh PCRA petition was untimely and that he failed to satisfy an exception to the PCRA's one-year time bar. The PCRA court thoroughly addressed Appellant's claims and correctly concluded that he was not entitled to relief. **See** PCRA Ct. Op., 1/31/25, at 1-31. Accordingly, we affirm on the basis of the PCRA court's opinion.[4] ***See id.***

Order affirmed. Jurisdiction relinquished.

_____

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

[4] The parties are directed to attach a copy of the PCRA court's opinion in the event of further proceedings.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/25/2025</u>

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
### CRIMINAL

COMMONWEALTH OF PENNSYLVANIA      :      NO.    1537-00
         :
         :
v.          :
         :
         :
SHAWN SAUNDERS      :      Superior Court No. 2012 EDA 2024

Michael J. Flowers, Esquire – Assistant District Attorney for the Commonwealth
William P. Wismer, Esquire – Attorney for Shawn Saunders

### OPINION

Kelly, J.          Date: January 31, 2025

### *I. Introduction*

Shawn Saunders (hereafter referred to as "the Defendant" or "Defendant Saunders") has timely filed a counseled notice of appeal[1] from this court's order dated June 28, 2024,[2] dismissing his lawyer's amended Post Conviction Relief Act[3] petition[4] following evidentiary hearings.[5]

For those reasons detailed *infra*, after this court considered the whole of the PCRA evidentiary presentation and the parties' respective arguments, as well as conducted an independent and thorough review of the salient direct and collateral case records, in accord with the relevant law as applied to the credible, salient evidence, the Defendant simply did not sustain his threshold burden of establishing the courts jurisdictional authority necessary to adjudicating his PCRA claims alleged

merits.[6] Accordingly, Defendant Saunders' counseled, collateral pleading was dismissed. *See* Order dated June 28, 2024. *See also* Defendant's Amended PCRA Petition docketed August 26, 2022.

Upon the filing of the Defendant's timely appeal notice, the court directed Defendant Saunders' attorney to lodge a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal and forwarded that same day (July 29, 2024) to the Delaware County Judicial Support Office for proceeding and of-record lodging its July 29, 2024, order. *See* Order dated July 29, 2024; and AOPC Case Docket. Inexplicably the court's 1925(b) order dated July 29, 2024, just four (4) days subsequent to the Defendant's notice of appeal being filed, was not docketed by the Delaware County Office of Judicial Support until September 9, 2024. *See* AOPC docket. Hence, the Defendant Saunders' 1925(b) statement lodged on October 9, 2024, was done so in a timely manner. *See generally* Pa.R.Crim.P. 114(B)(1)(3).

The Defendant couches the issue raised on appeal in the following manner:

> Whether the Honorable PCRA Court erred as a matter of law and abused its discretion in not finding that it has jurisdiction to address the merits of Defendant's Amended Petition for Relief under the PCRA, and dismissing the Petition, where the PCRA court admitted into evidence, as having been properly authenticated, a police report embodying an interview with an individual who provided exculpatory information, the report was not provided to the defense prior to trial, and Defendant pled and proved the time limit exceptions of 42 Pa.C.S.A. Section 9545(b)(i),(ii).

1925(b) Statement dated October 9, 2024. *See also* AOPC Docket.

Upon an examination of the relevant and credible record, as well as given the material standard of such appellate review, the court's dismissal order[7] should be affirmed.

2

## II. Case History

The relevant factual summary and procedural history as elicited at the Defendant's trial and subsequent post-conviction pursuits is taken from the Superior Court's memorandum opinion cited *infra* and quoted in the subsequently issued federal *habeas* report and recommendation *infra* as follows:

> On October 18, 1999, [Petitioner], Omar Davis, and David Burroughs traveled together to Ninth and Lincoln Streets in Chester so that Davis could purchase marijuana. On the way, [Petitioner], who was armed with a gun, informed his cohorts that he intended to rob the individual who was going to sell Davis the controlled substance. When they arrived at their destination, [Petitioner] put on a ski cap and covered his face. [Petitioner], Davis, and Burroughs encountered Cleven Pender and Shammer Thomas. Davis rifled through Thomas' pockets, and [Petitioner] told Pender to give him money. When Pender started to back away, [Petitioner] shot Pender in the chest, killing him. [Petitioner] was twenty-two years old when he murdered Pender.

*Commonwealth v. Saunders*, No. 2818 EDA 2016, [168 A.3d 346 (Pa.Super. 2017)(Table)], 2017 WL 1103040 and 1103041 at *1 (Pa.Super. March 24, 2017).

Defendant Saunders proceeded to trial by jury and was convicted on March 9, 2001, of second degree murder,[8] robbery,[9] conspiracy to commit robbers,[10] and possession of an unlicensed firearm.[11] *Id.* On April 9, 2001, he was sentenced to life imprisonment.[12] *Id.* The Superior Court affirmed on August 27, 2002, [809 A.2d 964 (Pa.Super. 2002)(Table)] and on December 2, 2003, the Pennsylvania Supreme Court denied allowance of appeal. [576 Pa. 712, 839 A.2d 352 (2003)(Table)] *Id.*

The Defendant then began a lengthy engagement with the collateral, post-conviction process, filing to date a total of seven (7) PCRA petitions. His collateral activity was summarized by the Superior Court in its opinion affirming the denial of his sixth (6th) PCRA petition as follows:

3

[Petitioner] filed a timely PCRA petition on February 7, 2005, and counsel was appointed. Counsel was allowed to withdraw, and relief was denied. Appellant did not appeal. On August 14, 2009, Appellant filed a second PCRA petition, which was dismissed as untimely. On appeal, we affirmed. *Commonwealth v. Saunders*, 15 A.3d 538 (Pa. Super. 2010) (unpublished memorandum), 3241 EDA 2009].

[Petitioner] filed a third PCRA petition on March 15, 2012, claiming that he was entitled to relief under *Miller v. Alabama*, 132 S.Ct. 2455 (2012), wherein the United States Supreme Court held that it was unconstitutional, under the Eighth Amendment's prohibition against cruel and unusual punishment, to sentence a juvenile homicide offender to a mandatory term of life imprisonment without parole. Relief was denied, and we affirmed. *Commonwealth v. Saunders*, 102 A.3d 519 (Pa. Super. 2014)[Table](unpublished memorandum)[2014 WL 10965060 (text), 1476 EDA 2013]. In this third Saunders decision, we concluded *that [Petitioner's] judgment of sentence became final on March 1, 2004, ninety days after our Supreme Court denied review, and that Appellant had until March 1, 2005, to present a timely PCRA petition.* We observed that Appellant's petition was not timely. We also held that the Miller decision did not apply to him because he was an adult when he committed the murder in question. *See Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013) (*Miller* does not apply to homicide offenders who are eighteen years of age or older when they committed the murder).

*2 Next, [Petitioner] filed a motion arguing that the court had no authority to impose its sentence and seeking facts regarding its decision. The motion was treated as a fourth PCRA petition and denied as untimely. We once again affirmed the denial of relief, agreeing that the motion was an untimely PCRA petition. *Commonwealth v. Saunders*, 122 A.3d 1126 (Pa. Super. 2015) [(Table)](unpublished memorandum), [2015 WL 7078875] (text), 3383 EDA 2014].

On April 11, 2016, [Petitioner] filed his fifth PCRA petition. He once again invoked the *Miller* decision. On August 15, 2016, an order was issued denying the fifth petition. The Court held that [Petitioner] was not entitled to relief under *Miller* because he was an adult when he committed the murder and because the matter was already litigated in Appellant's fourth PCRA petition. [Petitioner] appealed that decision, which ... was affirmed. [*See Commonwealth v. Saunders*, No. 2818 EDA 2016, [168 A.3d 346 (Pa.Super. 2017)(Table)], 2017 WL 1103040 and 1103041, at *1 and *2 (Pa. Super. Ct. Mar. 24, 2017)[(text)].

4

> After [Petitioner] filed his fifth PCRA petition, he ... filed a petition for writ of habeas corpus in the civil division of the Court of Common Pleas of Delaware County. That motion was transferred to the criminal division. ... The court treated the request for relief as [Petitioner's] sixth PCRA petition, and, after issuing notice, dismissed it. In the notice, the PCRA court opined that the petition was untimely and the issues it contained were previously litigated. *Id.* at *1–2. He appealed the denial of his sixth PCRA petition, and the superior court [*sic*] affirmed. *Id.* at *1.

*Saunders v. Brittain, et al,* 2020 WL 5505148, *infra, quoting and citing Commonwealth v. Saunders, supra* (Emphasis added).

On March 12, 2019, Defendant Saunders filed a *pro se* federal *habeas* petition. *See* CV-19-1010. On March 15, 2019, the Honorable Eduardo C. Robreno referred the matter for preparation of a report and recommendation. United States Magistrate David R. Strawbridge's resultant report recommended the summary dismissal of the Defendant's *habeas* application. *See* 2020 WL 5505148 *supra.* Upon review, Judge Robreno approved and adopted the report and its recommendation and denied and dismissed Defendant Saunders' federal *habeas corpus* petition. *See* Order dated September 11, 2020, Robreno, J., 2020 WL 5501308 (U.S.D.C.)(E.D. Pa.).

After his unsuccessful foray into federal court, the Defendant returned to state court. With the original assigned, presiding trial judge, the Honorable Joseph P, Cronin, Jr. (now retired) being elected the thirty-second (32nd) judicial district's (Delaware County) president judge in 2008, the above-captioned matter had been reassigned to the Honorable James P. Bradley. The Defendant's *pro se* PCRA petition dated April 5, 2021, and docketed on April 23, 2021, and a subsequent *pro se* Supplemental PCRA Petition dated November 1, 2021, and docketed on November 10, 2021, precipitated the appointment of two (2) different attorneys by Judge Bradley, both of whom were later permitted to withdraw due to conflicts. *See* AOPC Case Docket.

5

With the age compelled retirement of Judge Bradley as of December 31, 2021, the above-captioned matter was ultimately in June 2022 reassigned to this court and presently appointed PCRA counsel assumed his role in representing Defendant Saunders. *See* Order dated April 28, 2022; Defendant's Amended Petition docketed August 26, 2022; PCRA Hearing Transcripts - N.T 2/24/23 and 11/20/23; and Petitioner's Memorandum of Law docketed March 6, 2024.

The Defendant through his lawyer on August 26, 2022, filed an amended PCRA petition averring the prosecution improperly failed to provide Defendant Saunders' trial counsel an alleged police report – witness statement of an Eric Pettiford and that the "governmental interference" exception to the otherwise applicable PCRA time bar vested the courts with the jurisdiction necessary to decide such a claim's merits. *See* Defendant's Amended Petition docketed August 26, 2022, pp. 4-14. *See generally* 42 Pa.C.S. §95454(b)(1)(i)(" ... [F]ailure to raise the claim was the result of government interference with the presentation of the claim in violation of the Constitution or laws ... .").

This court by an order of August 30, 2022, directed the Commonwealth to lodge a response to the Defendant's counseled, amended collateral petition. *See* Order dated August 30, 2022. *See also* Defendant's Amended Petition docketed August 26, 2022. *See generally* Pa.R.Crim.P. 906.

After an unopposed extension request was allowed, the prosecution on December 13, 2022, filed its reply in the form of a Motion to Dismiss Amended Petition Under the Post Conviction Relief Act ... . *See* Commonwealth's Motion to Dismiss ... dated December 13, 2022. *See also* Defendant's Amended Petition docketed August 26, 2022; Order dated August 30, 2022; and Order dated October 14, 2022. *See generally* Pa.R.Crim.P. 906.

6

Following its thorough reading of the competing defense and Commonwealth pleadings, as well as a review of the above-caption matter's direct and collateral case histories, this court via an order of January 5, 2023, listed a collateral evidentiary hearing limited to " ... whether the petitioner has meet the 'proof' requirements under 42 Pa.C.S. §9545(b)(i) or (ii) of the Post Conviction Relief Act necessary to the courts jurisdictional authority to adjudicate the collateral pleading's merits." Hearing Notice dated January 5, 2023 (endnotes omitted).

Such an evidentiary hearing was commenced as scheduled on February 24, 2023. *See* Hearing Notice dated January 5, 2023; and N.T. 2/24/23, pp. 1-92. The petitioner's PCRA counsel, Attorney Wismer, requested the hearing be adjourned after some defense witness testimony to afford him the opportunity to explore the possibility of securing additional evidence. N.T. 2/24/23, pp. 90-92. Once such was better understood, he would contact the court to relist for resumption the collateral proceeding. N.T. 2/24/23, p. 92. *See generally* Pa.R.Crim.P. 908(B).

The court appreciating the nature of that which defense counsel was attempting to accomplish waited a reasonable period of time before inquiring as to the status of those efforts. *See* Correspondence dated June 27, 2023. *See also* N.T. 2/24/23, pp. 90-91. The lawyer for the Defendant timely responded and suggested a listing in the mid to latter part of August 2023. *See* Correspondence dated June 29, 2023. The Commonwealth relatedly advised that a witness it anticipated presenting would not be available in the defense proffered mid to late August 2023 timeframe and requested a scheduling sometime after the first week of September 2023. *See* Email Correspondence dated June 29, 2023. Chambers personnel solicited from the involved attorneys next dates of their and/or necessary witnesses' availability and from among those dates, consistent

7

with the court's calendaring of its various and numerous unrelated matters, a November 20, 2023, rescheduling was set. *See* Order dated October 24, 2023.

On that date (November 20, 2023), the relisted continuation of the PCRA evidentiary hearing took place and concluded. See N.T. 11/20/23, pp. 1-63. Upon completion of the evidentiary hearing and admission of exhibits, the court coordinated a briefing schedule with the parties' counsel. See N.T. 11/20/23, pp. 59-62. After unopposed extension requests from both sides, the defense and prosecution each filed their post-hearing responses. *See* Petitioner's Memorandum of Law docketed March 6, 2024, and Commonwealth's Response to Petitioner's Post-Hearing Memorandum of Law docketed on May 1, 2024.

This court following its scrutinizing of the PCRA hearing record, including the admitted exhibits, and considering the respective arguments of the defenses and Commonwealth, as well as a final review of the relevant direct and collateral case histories, by an order of June 28, 2024, dismissed Defendant Saunders' counseled, amended petition. *See* Order dated June 28, 2024; and Defendant's Amended Petition docketed August 26, 2022. *See also* N.T. 2/24/23; N.T. 11/20/23; Petitioner's Memorandum of Law docketed March 6, 2024, and Commonwealth's Response to Petitioner's Post-Hearing Memorandum of Law docketed on May 1, 2024.

### *III. Discussion*

Before reaching the supposed merits of the Defendant's collateral claim, the timeliness of Defendant Saunders' current PCRA petition given the above-recounted and approximate twenty

8

(20) year case record was a requisite, threshold inquiry to determine if the courts enjoyed to adjudicate any such contentions necessary jurisdiction. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014).

A defendant must file a PCRA petition within one (1) year from the date the judgment of sentence becomes final. 42 Pa.C.S. §9545(b)(1). A sentencing judgment becomes final for purposes of the Post Conviction Relief Act " ... at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. §9545(b)(3). "The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction." *Commonwealth v. Reeves*, 296 A.3d 1228, 1230-31 (Pa.Super. 2023). *See also Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa.Super. 2018)("All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S. §9545(b)(1)(i-iii) applies."); *Commonwealth v. Kretchmar*, 189 A.3d 459, 462 (Pa.Super. 2018) *quoting* 42 Pa.C.S. §9545(b)(1)(i)-(iii); *Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa.Super. 2018) *quoting Commonwealth v. Cox*, 636 Pa. 603, 613, 146 A.3d 221, 227 (2016); *Commonwealth v. Johnson*, 945 A.2d 185, 188 (Pa.Super 2008); *Commonwealth v. Davis*, 916 A.2d 1206, 1208-09 (Pa.Super. 2007); and *Commonwealth v Jackson*, 30 A.3d 516, 518-19 (Pa.Super. 2011) *quoting* 42 Pa.C.S. §9545(b).

Thus, for the courts to have the requisite jurisdiction to adjudicate any such collateral contentions, a defendant must file a PCRA pleading, including a second or subsequent one(s), within one (1) year from the date judgment of sentence becomes final. 42 Pa.C.S. §9545(b)(1). This otherwise mandated one (1) year filing date is excused only if a defendant alleges and proves one of the statutory exceptions as set forth in subsections (i), (ii) and/or (iii) of the act's section 9545;

9

relating to government interference, newly discovered evidence, or a constitutional right recognized by the federal and/or state supreme courts that is applied retroactively. 42 Pa.C.S. §9545(b)(l)(i)(ii)(iii). *See also Commonwealth v. Pew supra* 189 A.3d at 488 ("All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. §9545(b)(1)(i-iii) applies."); *Commonwealth v. Kretchmar supra* 189 A.3d at 462 *quoting* 42 Pa.C.S. §9545(b)(1)(i-iii); *Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa.Super. 2018) *quoting Commonwealth v. Cox supra* 636 Pa. at 613, 146 A.3d at 227; *Commonwealth v. Johnson supra* 945 A.2d at 188; *Commonwealth v. Davis supra* 916 A.2d at 1208-09; and *Commonwealth v. Jackson supra* 30 A.3d at 518-19 *quoting* 42 Pa.C.S. §9545(b).

Even should one (1) or more of these statutorily enumerated exemptions to the one (1) year lodging requisite attach, a defendant for purposes of the court's necessary jurisdiction must file any such collateral pleading " ... within one year of the date the claim could have been presented." 42 Pa.C.S. §9545(b)(2).

"[The Pennsylvania Supreme Court has] repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies. Whether [the appellant] has carried his burden is a threshold inquiry prior to considering the merits of any claim." *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013)(citation omitted), *cert. denied, Edmiston v. Pennsylvania*, 571 U.S. 1026, 134 S.Ct. 639 (2013). " ... *[I]t is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies.*" *Commonwealth v. Reid*, 235 A.3d 1124, 1158 (Pa. 2020)(Emphasis added); *Commonwealth v. Natividad*, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008)(citation omitted); *Commonwealth v. Pew supra* 189 A.3d at 488 *citing Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013)(Emphasis added)("*The petitioner bears the burden*

10

*of pleading and proving an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without the jurisdiction to consider the merits of the petition.*"); and *Commonwealth v. Towles*, 300 A.3d 402, 415 (Pa. 2023) *citing* and *quoting Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert denied*, 555 U.S. 916, 129 S.C. 271 (2008) and 42 Pa.C.S. §9545(b)(1)(i-iii) and (2).

The Superior Court has many times over held second or subsequent PCRA petitions untimely when such collateral pleadings were not filed within one (1) year after a defendant's judgment of sentence became final. *Commonwealth v. Smallwood*, 155 A.3d 1054, 1059 (Pa.Super. 2017) *citing* 42 Pa.C.S. §9545(b)(1)(2) and *Commonwealth v. Alcorn*, 703 A.2d 1054, 1056-57 (Pa.Super. 1997); *Commonwealth v. Furgess*, 149 A.3d 90, 92 (Pa.Super. 2016) *citing* 42 Pa.C.S. §9545(b). *Commonwealth v. Johnson*, 945 A.2d 185, 188 (Pa.Super. 2008); and *Commonwealth v. Davis*, 916 A.2d 1206, 1208-09 (Pa.Super. 2007). Moreover, a second or additional PCRA pleadings will only be considered if a defendant demonstrates that the proceedings resulting in his conviction were so unfair that a miscarriage of justice occurred which no civilized society can tolerate, or a defendant is innocent of the convicted crimes. *Commonwealth v. Lawson*, 519 Pa. 504, 513-14, 549 A.2d 107, 112 (1988) and *Commonwealth v. Szuchon*, 534 Pa. 483, 487, 633 A.2d 1098, 1100 (1993). *See also Commonwealth v. Hawkins*, 598 Pa. 85, 91, 953 A.2d 1248, 1251 (2006)("A second or subsequent request for relief under the PCRA will not be entertained unless the petitioner presents a strong *prima facie* showing that a miscarriage of justice may have occurred.") *citing Commonwealth v. Carpenter*, 555 Pa. 434, 447, 725 A.2d 154, 160 (1999); and *Commonwealth v. Williams*, 442 Pa.Super. 590, 599, 660 A.2d 614, 618 (1995)(" ... [I]n a second or subsequent post conviction proceeding, all issues are waived except those which implicate a defendant's innocence

11

or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred.").

On April 9, 2001, Defendant Saunders was sentenced. *See* Certificate of Imposition of Judgment of Sentence dated April 9, 2001. The Superior Court via its opinion dated August 27, 2002, affirmed on direct appeal his conviction. *See* Superior Court No. 245 EDA 2001 – Opinion dated August 27, 2002, 809 A.2d 964 (Pa.Super. 2002)(Table). The Supreme Court of Pennsylvania on December 2, 2003, denied *allocatur* as to the Defendant's direct appeal's affirmance. *See* 731 MAL 2002, 576 Pa. 712, 839 A.2d 352 (2003)(Table). From the Supreme Court of Pennsylvania's denying his direct appeal's allowance petition, Defendant Saunders did not seek with the United States Supreme Court a writ of *certiorari*. Hence, after recognizing the ninety (90) day period for filing a *certiorari* writ with the Supreme Court of the United States, the Defendant's sentencing judgment at bar became final on March 1, 2004. *See* Certificate of Imposition of Judgment of Sentence dated April 9, 2001; Superior Court No. 245 EDA 2001 *supra*; and Pennsylvania Supreme Court No. 731 MAL 2002 *supra*. *See also* U.S.Sup.Ct.R. 13.1; 42 Pa.C.S. §9545(b)(3); Pennsylvania Superior Court No. 1476 EDA 2013 – Opinion filed April 2, 2014; and *Commonwealth v. Saunders*, 102 A.3d 519 (Pa. Super. 2014)(Table), 2014 WL 10965060 (text)("... [Petitioner's] judgment of sentence became final on March 1, 2004, ninety days after our Supreme Court denied review, and ... [Petitioner] had until March 1, 2005, to present a timely PCRA petition.")

Defendant Saunders' most current serial *pro se* filing in the above-captioned matter was lodged in April 2021, more than seventeen (17) years after his sentencing judgement became for Post Conviction Relief Act purposes final.[13] *See* Petition dated April 5, 2021, and docketed on April 23, 2021. *See also* 42 Pa.C.S. §9545(b)(l)(3).

12

The statutory time bar set forth in the Post Conviction Relief Act's section 9545 is mandatory as well as jurisdictional in nature and may not thus be altered or disregarded to reach the merits of claims raised in belated collateral filings. *Commonwealth v. Taylor*, 933 A.2d. 1035, 1038 (Pa.Super. 2007) *citing Commonwealth v. Murray*, 562 Pa. 1, 4, 753 A.2d 201, 203 (2000). These jurisdictional requisites of the act must accordingly be strictly construed. *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa.Super. 2011), *appeal denied*, 38 A.3d 823 (Pa. 2012); and *Commonwealth v. Towles supra* 300 A.3d at 414-15 *quoting Commonwealth v. Abu-Jamal supra* 941 A.2d at 1267-68. Courts simply cannot adjudicate those issues raised in an untimely PCRA petition. *Commonwealth v. Brown*, 596 Pa. 354, 359, 943 A.2d 264, 267 (2008) and *Commonwealth v. Crews*, 581 Pa. 45, 50, 863 A.2d 498, 501 (2004). *See also Commonwealth v. Mitchell*, 141 A.3d 1277, 1284 (Pa. 2016) *quoting Commonwealth v. Taylor*, 620 Pa. 429, 434, 67 A.3d 1245, 1248 (2013)(" 'The court cannot ignore a petition's untimeliness and reach the merits of the petition.' "); *Commonwealth v. Whitehawk*, 146 A.3d 266, 269-71 (Pa.Super. 2016); *Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa.Super. 2013) *quoting Commonwealth v. Chester*, 586 Pa. 468, 471, 895 A.2d 520, 522 (2006)("The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims."); *Commonwealth v. Beasley*, 559 Pa. 604, 609, 741 A.2d 1258, 1261 (1999); and *Commonwealth v. Bennett*, 593 Pa. 382, 388, 930 A.2d 1264, 1267 (2007)("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

As per such a prior order and understanding of the parties, the subject matter of the evidentiary hearings was limited to addressing whether Defendant Saunders' met the threshold pleading and proof requirements under 42 Pa.C.S. §9545(b)(1)(i) and/or (ii) of the PCRA necessary

to accord the courts jurisdictional authority to adjudicate the collateral pleading's purported merits. *See* Hearing Notice dated January 5, 2023; and Order October 24, 2023. *See also* N.T. 2/24/23; and N.T. 11/20/23.

On February 24, 2023, and November 20, 2023, the court held the PCRA evidentiary hearings limited to the defense attempting to establish an exception to the time bar relating to the court's jurisdiction necessary to reach the alleged merits of the Defendant's collateral allegations. *See* N.T. 2/24/23, p. 3; and N.T. 11/20/23, pp. 3, 58-61. *See also* Hearing Notice dated January 5, 2023; and Order October 24, 2023. *See generally* Pa.R.Crim.P. 907(3).

PCRA counsel presented a purported police report reflecting a supposed statement from a previously unknown witness in the case that was exculpatory and allegedly had never been shared with the defense. *See* N.T. 2/24/23, pp. 12, 90; Defense Exhibit D-PCRA-6 – Statement; N.T. 11/20/23, pp. 57-58; and Defense Exhibits D-PCRA-7-18. *See also* Defendant's Amended PCRA Petition docketed August 26, 2022. Defendant Saunders was endeavoring to demonstrate a time bar exemption under either the governmental interference and/or the so called after discovered evidence exception. *See* 42 Pa.C.S. §9545(b)(1)(i)(ii). *Cf.* 42 Pa.C.S. §9543(a)(2)(vi). *See also Commonwealth v. Bennett supra* 593 Pa. at 393-96, 930 A.2d at 1270-72 (Distinguishing between after-discovered evidence time bar provisions and alleged *Brady* violations.); and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 194, 10 L.Ed 2d 215 (1963). A PCRA merits analysis is distinct from a timeliness analysis, but with *Brady* issues the two (2) can bleed over.

The Supreme Court of Pennsylvania holds that a *Brady* violation will not be found where a defendant could have uncovered the supposedly undisclosed evidence with reasonable diligence. *See Commonwealth v. Conforti*, 303 A.3d 715, 726, Fn. 8 (Pa. 2023) *citing Commonwealth v.*

14

*Bagnell,* 235 A.3d 1075, 1091(Pa. 2020); *Commonwealth v. Morris,* 822 A.2d 684, 696 (Pa. 2003); *Commonwealth v. Carson,* 914 A.2d 220, 245 (Pa. 2006); *Hall v. Pa. Bd. of Probation and Parole,* 578 Pa. 245, 254-55, 851 A.2d 859, 865 (2004); and *Dennis v. Pa. Depart. of Corrections,* 834 F.3d 263, 290 (3d Cir. 2016)(While the Pennsylvania Supreme Court is clearly bound by the holdings of the United States Supreme Court in construing federal constitutional principles and law, it is not in such cases constrained by the holdings of the Third Circuit Court of Appeals.). Any reliance on *Dennis v. Pa. Dept. of Corrections supra* 834 F.3d 263, 290 (2010) to argue that there is no due diligence requisite for asserting a *Brady* claim is simply not in accord with Pennsylvania law as promulgated by the Pennsylvania Supreme Court. *See Commonwealth v. Conforti supra* 303 A.3d at 726, Fn. 8 *citing Commonwealth v. Bagnell supra* 235 A.3d at 1091; *Commonwealth v. Morris supra* 822 A.2d at 696; *Commonwealth v. Carson supra* 914 A.2d at 245; *Hall v. Pa. Bd. of Probation and Parole supra* 578 Pa. at 254-55, 851 A.2d at 865; and *Dennis v. Pa. Depart. of Corrections supra* 834 F.3d at 290.

As recently opined by the Supreme Court of Pennsylvania:

"The law governing *Brady* is well-settled:

In *Brady,* the United States Supreme Court held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. The Supreme Court subsequently held that the duty to disclose such evidence is applicable even if there has been no request by the accused, and that the duty may encompass impeachment evidence as well as directly exculpatory evidence. Furthermore, the prosecution's *Brady* obligation extends to exculpatory evidence in the files of police agencies of the same government bringing the prosecution.

15

> *Commonwealth v. Lambert,* 584 Pa. 461, 884 A.2d 848, 853-54 (2005)(internal citations and quotations omitted).
>
> The prosecution's duty under *Brady* is limited as "the Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense." *Kyles,* 514 U.S. at 436-37, 115 S.Ct. 1555 (citing *U.S. v. Bagley,* 473 U.S. 667, 675 and n.7, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)). "Thus, there are three necessary components that demonstrate a violation of the *Brady* strictures: the evidence was favorable to the accused, either because it is exculpatory or because it impeaches; the evidence was suppressed by the prosecution, either willfully or inadvertently; and prejudice ensued." *Lambert,* 884 A.2d at 854 (quoting *Commonwealth v. Burke,* 566 Pa. 402, 781 A.2d 1136, 1141 (Pa. 2001)

*Commonwealth v. Conforti supra* 303 A.3d at 725.

Both parties ably argued their respective positions regarding the requirement of "due diligence" or the lack thereof as it pertained to establishing each of the relevant time bar exceptions litigated before this court. *See* Petitioner's Memorandum of Law docketed March 6, 2024, pp. 12-26; and Commonwealth's Response docketed May 1, 2024, pp. 6-10. However, given this court's findings of fact and related credibility determinations, it did not deem it necessary to sail those turbid waters because it found that the putative police report at issue, D-PCRA-6 – Statement (also attached to Exhibits D-PCRA-5 and D-PCRA-5A and D-PCRA-7-18 (same)), is not and never was in the possession of the Chester City Police Department, the Delaware County District Attorney's Criminal Investigation Division (CID), and/or in the Delaware County District Attorney's file; nor was it ever contained in the Delaware County Office of Judicial Support (hereinafter "OJS") official criminal court record file for the above-captioned case, *Commonwealth v. Saunders,* No. 1537-2000.

In concluding that the police report at issue (D-PCRA-6) is the product of a fraud and a forgery, the court draws upon its nearly twenty-four (24) years on the bench as a trial court judge with the majority of such time being assigned to the criminal section. *See* Defense Exhibit D-PCRA-

16

6. Just as jurors must use their commonsense, this jurist is not a *tabula rasa* and certain logical inferences at bar are most compelling.

For a number of reasons, this court did not find La'Var (a/k/a Levar) Harley's testimony presented at the PCRA evidentiary hearing to be credible. *See* N.T. 2/24/23, pp. 18-54. Not believing his testimony necessitates dismissal of the PCRA petition for relief due to lack of judicial jurisdiction. The only thing that gives this court modest pause in making this determination is because of counsel for the Defendant, Attorney Wismer's outstanding lawyering and firm grasp of the intricacies and nuances of PCRA caselaw, and whose written and oral advocacy leaves no stone unturned. Nonetheless, this court's classic function as the finder of the fact and its reliance only on the credible evidence mandates the Defendant's amended PCRA petition's dismissal. *See* Defendant's Amended PCRA Petition docketed August 26, 2022.

In his testimony, Mr. Harley wanted the court to believe that he knew little about the Defendant's criminal case other than that Defendant Saunders always professed his innocence to him when they would talk while they in state prison served time together. Upon the witness, Mr. Harley, being granted parole in 2016 on his kidnapping and aggravated assault convictions, the two (2) maintained ongoing contact with one another. In 2021, Mr. Harley offered his assistance to Defendant Saunders, who after his federal *habeas* petition was denied, wanted to prepare a commutation of sentence application. Mr. Harley testified that he went to the Clerk of Courts Office of Delaware County (Delaware County Office of Judicial Support) to review the Defendant's court file and to copy paperwork that may be needed for Defendant Saunders' commutation request. N.T. 2/24/23, pp. 19-25. On a return trip, Mr. Harley claimed he actually looked through the five (5) boxes and an accordion file that the court clerk provided, removed certain papers to be copied, the originals were copied and then retained by the clerk, and he paid for the copies. N.T. 2/24/23, pp.

17

19-25. The receipt for cash payment made for the copies was for twenty-three ($23.00) dollars and dated February 22, 2021. *See* Defense Exhibit D-PCRA-5 – Receipt and D-PCRA-5A – Receipt (a duplicate of the original copies.)

On cross-examination, Mr. Harley had to either retract or modify certain material statements he made during his direct testimony. Rather than helping him out on his criminal case just the one time, Mr. Harley had to correct himself when a 2016 state *habeas corpus* petition was shown to him which in preparing and filing he assisted the Defendant. N.T. 2/24/23, pp. 36-42. He also explained how the police report – witness statement (D-PCRA-6) at issue was in a brown envelope, and Mr. Harley immediately realized the significance of it when he read it. N.T. 2/24/23, p. 49. *See also* Defense Exhibit D-PCRA-6 – Statement.

Included within the defense Exhibit D-PCRA-5A packet was the alleged proverbial smoking gun, which was separated out and subsequently admitted as defense Exhibit D-PCRA-6 – Statement. *See* N.T. 2/24/23, pp. 12, 26-30, 90. When shown to the Defendant's trial counsel, Karen E. Friel, Esquire, she testified that although she no longer had her file on the case more than twenty (20) years later, she did not recall ever seeing such a statement. *See* Defense Exhibit D-PCRA-6. If she had possessed it, Attorney Friel believed it could have been utilized to conduct further investigation into an alibi defense and used to impeach Omar Davis, a cooperating witness for the Commonwealth, and co-defendant in Defendant Saunders' case. N.T. 2/24/23, pp. 11-16.

When the Defendant testified, he exhibited a familiarity with the post-conviction collateral relief process and the types of information that might garner him such remedy, including but not limited to the PCRA's time bar and its fatal consequences. N.T. 2/24/23, pp. 55-71, 81-83. When he was incarcerated in 2012 at the same state correctional institution as his co-defendant, Omar

18

Davis, through a third party, he managed to obtain an affidavit purportedly from Mr. Davis which in essence was a recantation of the statement he initially provided to the police, as well as his trial testimony. *See* N.T. 2/24/23, pp. 63-66. In a *pro se* supplemental PCRA petition docketed on November 10, 2021, contrary to Mr. Harley's testimony, in two (2) separate places in his sworn petition, Defendant Saunders identifies La'Var Harley, his obviously critical witness, as his "brother." *See* N.T. 2/24/23, pp. 80-81. *See also* Petition docketed November 10, 2021.

The police report – witness statement (D-PCRA-6), which La'Var Harley purportedly located amongst the five (5) file boxes and the brown accordion file in OJS, was allegedly authored by Detective Michael Beverly and the witness interviewed was purportedly an Eric Pettiford. The parties agreed that both Detective Beverly and Mr. Pettiford were long since deceased. N.T. 2/24/23, p. 4 and N.T. 11/20/23, pp. 7-8. *See also* Commonwealth Exhibit – Eric Pettiford Death Certificate (This certificate of death reveals Mr. Pettiford died on July 8, 2007, from multiple gun shot wounds, as well as blunt force head injuries, with the manner of death found by the medical examinator to be homicide.).

When the follow-up PCRA evidentiary hearing (which again solely dealt with jurisdiction) reconvened on November 20, 2023, Delaware County Criminal Investigation Division (hereafter "CID") Detective Michael Palmer testified. The court found Detective Palmer to be entirely credible. See N.T. 11/20/23, pp. 5-56. He did not overstate the case by saying "this could never happen." Rather, the detective described what occurred on a regular and routine basis when he was with the City of Chester Police Department and then subsequent with CID, regarding police protocols and procedures pertaining to police reports and/or witness statement. N.T. 11/20/23, pp. 11-16. Detective Palmer was the lead investigator on this homicide case both in his capacity as a

19

Chester City Police detective and when he subsequently went to the Delaware County Criminal Investigation Division. N.T. 11/20/23, pp. 6-7, 39-41.

Despite PCRA counsel's best efforts in attempting to obtain the City of Chester Police Department's original file in this homicide investigation and prosecution, the Defendant's collateral attorney learned that the paper file no longer exists, and it was not stored electronically. *See* N.T. 2/24/23, pp. 90-91; and N.T. 11/20/23, p. 4.

However, Detective Palmer had copied the entire Chester City Police investigation file and brought it with him when he assumed employment as a sworn Criminal Investigation Division member because he was yet continuing in that newer role as one of the primarily involved police officers and the investigation was still ongoing. N.T. 11/20/23, pp. 6-7, 39-41, 43-44, 51-53. Before this PCRA litigation, Detective Palmer had never seen the police report at issue (D-PCRA-6) and was completely unaware that Eric Pettiford had been supposedly during the police investigation been interviewed. *See* N.T. 11/20/23, pp. 45-47. *See also* Defense Exhibit D-PCRA-6 – Statement. According to Detective Palmer, it would have been totally out of character for the late Detective Beverly not to have made such an interview known to him and/or submitted a police report about the same to central recordkeeping. N.T. 11/20/23, p. 50.

Despite the efforts of both counsel, the original or no other copy of the supposed Eric Pettiford interview with Detective Beverly could be located. *See* Defense Exhibit D-PCRA-6 – Statement. *See* N.T. 2/24/23; and N.T. 11/20/23. There is no original Chester Police file. Copies of the entire, original Chester police file made by Detective Palmer in the year 2000, did not include the statement (D-PCRA-6), which was dated prior, October 18, 1999. N.T. 11/20/23, pp. 47-48, 51-53. *See also* Defense Exhibit D-PCRA-6 – Statement. The Delaware County Judicial Support

20

Office, where La'Var Harley testified he obtained the alleged police report interview - statement of Eric Pettiford (D-PCRA-6) does not have in its file any such statement. PCRA counsel confirmed this fact by conducting his own careful search of the OJS court file. *See* Defense Exhibit D-PCRA-6 – Statement.

The most convincing part of the scenario is that there is just no rational reason for the contested police interview statement (D-PCRA-6) to have been in the OJS file unless it was a court exhibit in a pre-trial hearing, at trial, or part of the court record papers forwarded to OJS from the magisterial district court and that is simply not the case. *See* Defense Exhibit D-PCRA-6 – Statement. OJS is not and has never been for law enforcement reports a repository, absent such a documents admission during a judicial proceeding. Likewise, OJS is not and has never been a record keeper for the District Attorney's files or CID's files, again without the same being at a court hearing – trial an admitted exhibit.

On the facts before the court, this jurist is constrained to find that the report at issue (D-PCRA-6) is part of a clever attempt at perpetrating on the criminal justice system a fraud. In light of the evidence as a whole pertaining to pleading and proving a PCRA time bar exception, the Defendant's contention is wholly in credibility lacking. In accordance with the Superior Court's standard of review, the record supports a finding that the police report – witness statement (D-PCRA-6) is neither credible nor authentic. *See infra*, pp. 24-25, 28. *See also* Defense Exhibit D-PCRA-6 – Statement.

The purported police report – statement necessary (D-PCRA-6) to the defense establishing the courts requisite jurisdiction was purportedly found in the Delaware County Judicial Support Office file decades after the above-captioned matter's direct litigation long since concluded and

21

while the case had been for a number of years collaterally inactive by a former inmate and "strong" friend of the Defendant, whom Defendant Saunders references in a sworn petition as his "brother." N.T. 2/24/23, pp. 19-25, 49, 80-81; and Petition docketed November 10, 2021. *See also* Defense Exhibit D-PCRA-6 – Statement. The salient record is completely devoid of even an implied reason why a supposed police report – witness statement (D-PCRA-6) never previous at bar neither marked nor admitted as a court exhibit would in an official judicial file be held and/or maintained. *See* Defense Exhibit D-PCRA-6 – Statement. Beyond it most reasonably questioning how a past unmarked and/or unadmitted police report – witness statement inexplicably and contrary's to almost this court's quarter of a century of judicial experiences became part of the Delaware County Judicial Support Office's file, the fact this purported police report – witness statement (D-PCRA-6) could not again be located in that judicial file by collateral counsel through his painstakingly diligent efforts to once more retrieve the same additionally calls into question this supposed document's (D-PCRA-6) legitimacy. *See* N.T. 2/24/23; and N.T. 11/20/23. *See* Defense Exhibit D-PCRA-6 – Statement.

Although as argued by the defense this police report – witness statement (D-PCRA-6) was once maintained in the court file, albeit without even a suggestion about how such an anomaly came to pass, the law enforcement file maintained by one of the original investigating detectives, a place one would reasonably expect to find that type notable police report – witness statement, did not include any such document nor had that detective about the same any knowledge. N.T. 11/20/23, pp. 45-52. *See also* Defense Exhibit D-PCRA-6 – Statement.

Moreover, this court notes the supposed author of the at issue police report (D-PCRA-6), Detective Michael Beverly, as well as the individual this investigator allegedly interviewed, Eric Pettiford, have both been long deceased and their respective deaths common knowledge about the

22

Chester City community. N.T. 2/24/23, p. 4; and N.T. 11/20/23, p. 7. *See also* Defense Exhibit D-PCRA-6 – Statement; and Commonwealth Exhibit C-PCRA-1 – Eric Pettiford Death Exhibit. Relatedly, the Defendant enjoyed at least a passing familiarity with Eric Pettiford and his family, as well as was grew up with and was close to one of Mr. Pettiford's cousins. N.T. 2/24/23, pp. 87-88.

Finally, this court on the instant record was mindful this was not the first time Defendant Saunders in his continued serialized pursuit of at bar collateral litigation enlisted his "brother's," Mr. Harley's cooperative assistance. *See* N.T. 2/24/23, pp. 19-25, 49, 80-81. *See also* Petition docketed November 10, 2021; and Commonwealth Exhibit C-2 – *Habeas* Petition originally docketed civilly May 23, 2016. In May of 2016, the Defendant as engineered and effectuated by Mr. Harley filed in this court's civil section a Petition for Writ of Habeas Corpus [*sic*] alleging by its plain and unambiguous terms a challenge to the lawfulness of his sentence in the above-captioned matter, along with averments at least implicitly recognizing the PCRA time bar, and related argument about why this filing should have been seen as beyond the PCRA's and its fatal jurisdictional consequence's purview. Commonwealth Exhibit C-2 – *Habeas* Petition originally docketed civilly May 23, 2016, pp. 3, 9-12. *See also* N.T. 2/24/23, pp. 35-42, 59-61. Although this civil lodging was rightly transferred to the criminal court subsequent, ultimately found to be an untimely PCRA petition and relatedly dismissed, this prior, joint, collateral endeavor of Defendant Saunders and Mr. Harley most certainly corroboratively suggests akin to their present efforts a common employment of their PCRA law understanding trying to circumvent the act's known time bar and resultant absence of necessary judicial jurisdiction. *See* Commonwealth Exhibit C-2 – *Habeas* Petition originally docketed civilly May 23, 2016; and N.T. 2/24/23, pp. 32-42, 55-71, 81-83 *See also Saunders v. Brittain, et al,* 2020 WL 5505148, *infra, quoting* and *citing Commonwealth v. Saunders supra.*

23

The totality of both the relevant direct and circumstantial evidence inescapably compelled this court to conclude the proffered police report – witness statement (D-PCRA-6) is just not legitimate, but rather a fraudulent attempt by the Defendant as assisted by his "brother", Mr. Harvey, both familiar with collateral litigation, to circumvent the known PCRA time bar. N.T. 2/24/23, pp. 18-71, 81-83; and N.T. 11/20/23, pp. 7, 45-47, 50. *See also* Defense Exhibit D-PCRA-6 – Statement; and Commonwealth Exhibit C-2 – *Habeas* Petition originally docketed civilly May 23, 2016.

In his Pa.R.A.P. 1925(b) statement of errors, the Defendant maintains that the court erroneously abused its discretion by failing to find jurisdiction had been established to address the merits of his amended PCRA petition. *See* Pa.R.A.P. 1925(b) Statement dated October 9, 2024, p. 2; and AOPC Case Docket. It is Defendant Saunders' contention that the court erred by not proceeding to a merits review when the contested, previously unknown statement (D-PCRA-6) was admitted into evidence pursuant to Pa.R.E. 901 and without objection; the statement was clearly exculpatory in nature; and the purported police witness statement had never been presented to the defense before trial. *Id.* Hence, the Defendant asserts a PCRA timeliness exception was indeed established. Defendant Saunders' position is of course directly juxtaposed with the court's finding that such a statement was previously unknown to the Commonwealth because it was fabricated. *See* Defense Exhibit D-PCRA-6 – Statement. *See also* Order dated June 20, 2024.

This court acknowledges that PCRA counsel effectively argued and did everything possible within the bounds of legal and ethical advocacy to circumstantially establish and authenticate the police report. For the purpose of making an evidentiary hearing record in litigating whether the Defendant established that he qualified under a PCRA time-bar exception, the police witness statement (D-PCRA-6) was admitted into evidence. N.T. 2/24/23, pp. 89-90. *See also* Defense

24

Exhibit D-PCRA-6 – Statement. Nonetheless, the court was clear that the question of jurisdiction was yet to be decided. *See* N.T. 11/20/23, pp. 58-60. *See also* Petitioner's Post-Hearing Memorandum of Law docketed March 6, 2024; Commonwealth's Response to Petitioner's Post-Hearing Memorandum of Law docketed May 1, 2024; and Orders dated January 5, 2023, and October 24, 2023.

As it related to a trial court's factfinder function in the context of PCRA evidentiary presentations, the Supreme Court of Pennsylvania has opined the following:

> Further, we recall that when reviewing a credibility determination by the PCRA court, this Court is bound by the court's credibility determinations, unless those determinations are not supported by the record. *Commonwealth v. Flor*, – Pa. – , 259 A.3d 891, 902 (2021). The credibility determinations are to be provided "great deference[,]" and indeed, they are "one of the primary reasons PCRA hearings are held in the first place[.]" *Id.* at 910-911 (citing *Commonwealth v. Johnson*, 600 Pa. 329, 966 A.2d 523, 539 (2009)). Moreover, we must conduct our review in the light most favorable to the prevailing party, in this instance, the Commonwealth. *Commonwealth v. Mason*, 634 Pa. 359, 130 A.3d 601, 617 (2015). Given that the PCRA court, as fact-finder, has the opportunity to listen to witnesses, to observe their demeanor and attitude, we have stated that "there is no justification for an appellate court, relying solely upon a cold record, to review the factfinder's first-hand credibility determinations." *Commonwealth v. White*, 557 Pa. 408, 734 A.2d 374, 381 (1999).

*Commonwealth v. Rizor*, 304 A.3d 1034, 1058 (Pa. 2023). *See also Commonwealth v. Ortiz-Pagan*, 322 A.3d 247, 251 (Pa.Super. 2024) *citing Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009)("The PCRA court's witness credibility findings are binding on this Court, so long as the record supports those findings."); and *Commonwealth v. Rosario*, 314 A.3d 888, 892 (Pa.Super. 2024) *quoting Commonwealth v. Johnson supra* 966 A.2d at 539 (" 'A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts.' ").

In light the Pennsylvania's appellate courts' legal instructions cited immediately above, this court just disagrees with the tacit argument advanced by the Defendant's appellate complaints

25

statement that the mere admission of the at issue police report – witness statement (D-PCRA-6) mandates it conclude that Defendant Saunders met his burden of establishing the averred time bar exemption(s). *See* 1925(b) Statement dated October 9, 2024. *See also* Defense Exhibit D-PCRA-6 – Statement. *See generally Commonwealth v. Edmiston supra* 65 A.3d at 346 (Emphasis added)(citation omitted)( "[The Pennsylvania Supreme Court has] repeatedly stated it is the appellant's burden *to allege and prove* that one of the timeliness exceptions applies. Whether [the appellant] has carried his burden is a threshold inquiry prior to considering the merits of any claim."); *Commonwealth v. Reid supra* 235 A.3d at 1158 (Emphasis added)( " … [I]t is the petitioner who bears the burden *to allege and prove* that one of the timeliness exceptions applies.'); and *Commonwealth v. Pew supra* 189 A.3d at 488 *citing Commonwealth v. Taylor supra* 65 A.3d at 468 (Emphasis added)("The petitioner bears the burden of *pleading and proving* an applicable statutory exception. If the petition is untimely and the petitioner *has not pled and proven* an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without the jurisdiction to consider the merits of the petition."). This court as like any factfinder was free to accept all, some and/or none of the collateral hearing's evidentiary presentation, and it for those reasons discussed above most reasonably declined to find the purported policer report – witness statement (D-PCRA-6) was legitimate. *See* Defense Exhibit D-PCRA-6 – Statement.

"The function of a section 9545(b)(1)[i](ii) analysis is that of a gatekeeper." *Commonwealth v. Cox*, 636 Pa. at 616, Fn. 11, 146 A.3d at 229, Fn. 11. " 'A gatekeeping function contemplates that there may be a reason to open the gate.' " *Commonwealth v. Robinson*, 185 A.3d 1055, 1062 (Pa.Super. 2018) *citing* and *quoting Commonwealth v. Cox supra*. It was incumbent on this court to address the threshold question of jurisdiction and credibility here comes into play which is and remains within the exclusive province of this court as the finder of fact. *See Standard of Review*,

26

*infra.*, pp. 28-29. *See also Commonwealth v. Bretz*, 830 A.3d 1273, 1275 (Pa.Super. 2003) *citing Commonwealth v. Yarris*, 557 Pa. 12, 731 A.2d 581, 587 (1999)(Where Superior Court found no jurisdiction, despite the parties' briefs submitted and PCRA court's opinion being silent on the question. "However, because the issue of timeliness implicates our jurisdiction, we may consider the matter *sua sponte*."); and *Commonwealth v. Rizor supra* 304 A.3d at 1085 (citations omitted).

"It [is] incumbent upon the court to protect and uphold the integrity of the judicial process ... " *Commonwealth v. Orie*, 88 A.3d 983, 1000 (Pa.Super. 2014), *appeal denied*, 627 Pa. 757, 99 A.3d 925 (2014)(Table)(Grant of mistrial while jury was deliberating upheld where admission of forged documents was not only a fraud upon the court, but also undermined the jury's factfinding function.). *See also Commonwealth v. Harper*, 890 A.2d 1078 (Pa.Super. 2006)(PCRA court properly rescinded its decision to grant a new trial on murder and robbery charges when months later it was determined testimony that led to new trial was perjured and witness was coerced into testifying.) Courts will not countenance fraud and when a judicial determination is obtained through its use, the court has the inherent power to rescind that decision. *Id.*

From the consideration of the above tenets of the law, it follows then when a court is confronted with what it believes with good cause to be fraud from the evidence presented, it must ensure that such does not affect its decision. It is for this reason and those below that the court cannot subscribe to PCRA counsel's construing of the law found in *Commonwealth v. Blakeney*, 648 Pa. 347, 367, 193 A.3d 350, 364 (2018) from which he submits the veracity of an alleged fact goes only to the merits of the underlying claim rather than to timeliness. ("In fact, a petitioner is required only to allege and prove one of the timeliness exceptions applies. Substantiating the veracity of the fact upon which the claim is predicated is a question for the merits review of the

27

claim."). *Id.* (Justice Wecht). *See also Commonwealth v. Robinson*, 651 Pa. 190, 219, 204 A.3d 326, 343-44 (Pa. 2018)(OISR) and *Id.*, 651 Pa. at 235-36, 204 A.3d at 354 (OISA).

First, the above fragmented cited decisions are Pennsylvania Supreme Court affirmances as a result of an equally divided court. When a judgment is affirmed by an equally divided court, no precedent is established, and any such holding on other cases is not binding. *Commonwealth v. Mosley*, 114 A.3d 1072, 1082, Fn. 11 (Pa.Super. 2015) *citing Commonwealth v. James*, 493 Pa. 545, 427 A.2d 148 (1981). Second, there is a more recent and precedential Supreme Court of Pennsylvania opinion which is consistent with the approach taken by this court. *See Commonwealth v. Towles supra* 300 A.3d at 415-17. There, the trial court was found to have properly made credibility determinations based on what was presented at the PCRA evidentiary hearing as to the applicability of the PCRA jurisdictional time bar. *Id.*

## *IV. Standard of Review*

The Pennsylvania Supreme and Superior Courts have held that appellate review of a PCRA pleading's dismissal is conducted:

> ... [I]n the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa.Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. *Id.* We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. *Id.* This Court may affirm a PCRA court's decision on any grounds if the record supports it. *Id.* We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa.Super. 2011). However, we afford no such deference to its legal conclusions. *Commonwealth v. Paddy*, 609 Pa. 272, 15 A.3d 431, 442 (2011); *Commonwealth v. Reaves* [*supra* 592 Pa. at 141-42, 923 A.2d at 1124]. Further, where the petitioner raises questions of law, our

28

standard of review is *de novo* and our scope of review is plenary.
*Commonwealth v. Colavita*, 606 Pa. 1, 993 A.2d 874, 886 (2010).

*Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa.Super. 2012) *quoting Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). *See also Commonwealth v. Conforti*, 300 A.3d 715, 725 (Pa. 2023) *quoting Commonwealth v. Koehler*, 36 A.3d 121, 177-78 (Pa. 2012) *citing Commonwealth v. Colavita*, 601 Pa. 1, 992 A.2d 874, 886 (Pa. 2010) and *citing Commonwealth v. Wharton*, 273 A.3d 561, 567 (Pa. 2021) *citing Commonwealth v. Washington*, 592 Pa. 698, 927 A.2d 568, 593 (Pa. 2007) *citing Commonwealth v. Roney*, 622 Pa. 1, 79 A.3d 595, 603 (Pa. 2013).

## V. Conclusion

Based on the court's factual findings of credibility, Defendant Saunders' latest PCRA petition simply failed to establish an exception to the PCRA time bar. The Defendant's petition therefore was properly dismissed as untimely. The courts lack jurisdiction to address the relative merits of his claim because the underlying basis for the requisite exemption asserted was not found to be believable or valid. Promoting justice cannot be based on what a court in its factfinding function concludes is a false document.

BY THE COURT:

_____
Kevin F. Kelly                    J.

29

[1] *See* Appeal Notice docketed July 25, 2024.

[2] *See* Order dated June 28, 2024.

[3] 42 Pa.C.S. §§9541 *et. seq.* (Hereafter referred to as "PCRA.").

[4] *See* Defendant's Amended PCRA Petition docketed August 26, 2022.

[5] *See* N.T. 2/24/23; and N.T. 11/20/23. *See also* Defendant's Amended PCRA Petition docketed August 26, 2022; Commonwealth's Motion to Dismiss Amended Petition ... dated December 13, 2022; Petitioner's Post-Hearing Memorandum of Law docketed March 6, 2024; and Commonwealth's Response to Petitioner's Post-Hearing Memorandum of Law docketed May 1, 2024.

[6] As per such a prior order and understanding of the parties, the subject matter of the evidentiary hearings was limited to addressing whether the petitioner met the pleading and proof requirements under 42 Pa.C.S. §9545(b)(1)(i) and/or (ii) of the PCRA necessary to accord the courts the requisite jurisdictional authority to decide the amended collateral pleading's purported merits. *See* Hearing Notice dated January 5, 2023; and Order October 24, 2023. *See also* N.T. 2/24/23; N.T. 11/20/23; and Defendant's Amended PCRA Petition docketed August 26, 2022. *See generally* Pa.R.Crim.P. 907(3).

[7] See Order dated June 28, 2024.

[8] 18 Pa.C.S. §2502(b).

[9] 18 Pa.C.S. §3701.

[10] 18 Pa.C.S. §903(3701).

[11] 18 Pa.C.S. §6106.

[12] *See* 18 Pa.C.S. §1102(b).

[13] The "Prisoner Mailbox Rule" where an incarcerated *pro se* defendant's filing date is deemed when it is placed in the hands of prison authorities for mailing is not relevant under the circumstances at bar other than if there was an issue pertaining to the petition being filed within one year of the date the claim could have been presented. *See Commonwealth v. Crawford*, 17 A.3d 1277, 1281 (2011); and *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170, Fn. 3 (Pa. Super. 2008). *See also* §42 Pa.C.S. 9545(b)(2). Given the court's findings underlying its disposition; however, the necessity for such a determination simply does not come into play.